IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRISTOFER MCDAVID,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **05-296-MJR** |
| | ) |
| **MATTHEW DOBLER, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff McDavid's motion to compel defendant St. Clair County to respond to:

 (1) Plaintiff's February 6, 2006, supplemental request for production of anything recording or memorializing "any and all radio calls or other communications between Defendant, Matthew Joseph Dobler, and the St. Clair County Sheriff's Department on the date of Defendant Dobler's arrest of Plaintiff, Kristofer McDavid;" and

(2) A "stipulation" by defense counsel made during the deposition of David Frisse to provide the identity of an unidentified officer present at the scene, or issue a statement by the County that the officer was not one of its deputies.

**(Doc. 13).**  According to plaintiff, neither request has been responded to in any manner.  The defendant County has not filed a response to the subject motion.

Pursuant to Federal Rule of Civil Procedure 34(b), all objections to the February 6, 2006, supplemental request for production have been waived.  Therefore, the defendant County must produce all responsive materials, or otherwise respond that there are no responsive materials.

The "stipulation" to identify the unknown deputy or state that he is not a deputy with the County is more problematic.  Plaintiff's counsel stated on the record that he was making a

1

"formal request" for the information, and defense counsel replied, "All right.  I will check that." and confirmed he had no objection to the request.  However, characterizing this request as a "formal request" and "stipulation" is an overstatement.  Plaintiff's counsel's request does not comport with Federal Rules of Civil Procedure 33 and is therefore not an interrogatory that can be enforced.  The fact that the discovery request occurred during at the conclusion of a deposition is of no import.  Defense counsel merely agreed to "check" for the requested information.  Moreover, no time limit was set by plaintiff, although plaintiff noted during the conversation that the discovery cutoff was approaching.  The oral request was made February 27, 2006, and the discovery cutoff was March 8, 2006, which would not permit the 30 day response period required by Federal Rule of Civil Procedure 33 or the Joint Report of the Parties adopted by the Court **(Doc. 10-2)**.  Therefore, the Court cannot enforce plaintiff's informal discovery request.  Nevertheless, the parties are free to amicably resolve this issue in accordance with Local Rule 26.1(d).

      **IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 13)** is **DENIED**.

      **IT IS SO ORDERED.**

      **DATED: May 2, 2006**

s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**U. S. MAGISTRATE JUDGE**
